IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GLORIA VELEZ MORALES, individually and on behalf of persons similarly situated, | Civil Action: 16-CV-02602 |
| Plaintiff, | |
| v. | |
| AROUND THE CLOCK HOME HEALTH CARE SERVICES, | |
| Defendant. | |

FILED
AUG 21 2019
By KATE BARKMAN, Clerk
_____ Dep. Clerk

[PROPOSED] ORDER

AND NOW, this **20** day of **Aug**, 2019, the Court, states and ORDERS as follows:

1. Paragraph 27 of the Settlement Agreement (ECF No. 25-2) is modified to permit the monies remaining in the settlement administration fund as a result of uncashed checks to be used as follows:

   a. First, the monies remaining in the settlement administration fund shall be used to pay the employer's share of all required tax payments set forth in Paragraph 22;

   b. Second, if there are any remaining funds resulting from uncashed checks before the final settlement award payment is sent, and all of the employer's share of required tax payments are satisfied, such amounts shall be added to the settlement awards to Settlement Class Members in the final distribution; and

   c.  Third, any monies remaining from uncashed checks in the settlement administration fund after all payments have been made and all employer's share of required tax payments have been made shall be distributed to the designated *cy pres*, Community Justice Project, as set forth in Paragraph 27 of the Settlement Agreement.

2.  This Order shall not affect any other provisions of the Settlement Agreement, as modified by the Court's record Order on January 14, 2019 regarding the Gross Settlement Amount and schedule for payments

BY THE COURT,

_____
Honorable Timothy R. Rice
United States Magistrate Judge



SARAH R. SCHALMAN-BERGEN / *SHAREHOLDER*
p. 215.875 3053 | sschalman-bergen@bm.net

August 19, 2019

**VIA FACSIMILE 267-299-5064**

Honorable Timothy R. Rice
United States Magistrate Judge
U.S District Courthouse
601 Market Street, Room 3029
Philadelphia, PA 19106

**Re:    Morales v. Around the Clock Home Health Care Services,
        No. 2:16-cv-02602-GEKP (E.D. Pa.)**

Dear Judge Rice:

Plaintiffs' counsel writes regarding the administration of the above-captioned class action settlement, over which the Court has retained jurisdiction. See, e.g., ECF No. 31. Plaintiffs respectfully request permission to proceed with the administration of the settlement as outlined below, and as reflected in the accompanying proposed Order.

On January 14, 2019, the Court held a status conference with the parties, based on Defendant's failure to pay the Second Payment set forth in paragraph 18(a)(ii) of the Settlement Agreement, Dkt. No. 25-2 by the deadline of December 1, 2018.

Based on the parties' agreement and the Court's Order on January 14, 2019, a new installment plan that would permit Defendants to satisfy their obligations under the Settlement Agreement was set, whereby Defendant would make the following payments:

1. $50,000 by July 1, 2019;
2. $50,000 by December 2, 2019; and
3. $125,000 by July 1, 2020.

Defendant timely made the $50,000 payment to the Court-appointed Settlement Administrator, Dahl Administration, by July 1, 2019.

Shortly thereafter, however, Dahl advised the parties that Defendant had failed to pay the employers' share of payroll taxes owed to date on the first distribution of settlement, in the total amount of $13,823.54, and in addition, a total of $3,751.83 in taxes would be

1818 MARKET STREET, SUITE 3600
PHILADELPHIA, PA 19103
215 875.3000 | *BERGERMONTAGUE.COM*

August 19, 2019
Page 2 of 3



owed on the second distribution, totaling $17,575.37 owed in unpaid employer taxes. Dahl has advised Plaintiffs' counsel that it is not able to proceed with the additional settlement distributions to Eligible Class Members until the outstanding employer tax balance is reconciled. Defendant has indicated that it does not have the funds on hand to pay the outstanding balance.

Upon further review, Dahl advised that there remains a balance of $19,353.23 in the settlement administration fund, reflecting the amount of the uncashed checks from the prior distribution, which were anticipated to be distributed to the *cy pres* recipient, the Community Justice Project. See ECF No. 25-2 at ¶26.

In order to facilitate the distribution of funds to the Settlement Class Members, who expected that these payments would be sent in December 2018, Plaintiffs' counsel respectfully requests that the Court permit a modification of the settlement agreement whereby any amounts from uncashed checks first be used to pay the employer's share of payroll taxes. To the extent that there are any remaining funds from uncashed checks, such funds would be added to the amounts to be redistributed to the Settlement Class. If any uncashed checks remain after Defendant has made all payments as set forth in the modified payment schedule as ordered by the Court, such funds would be sent to Community Justice Project as the *cy pres* recipient.

Plaintiffs' counsel has sent this correspondence to Defendant's principals (Ms. Williams and Ms. McKinley), and they agree to this proposal.

In addition, Dahl Administration has advised that it is closing its business, and while it can make the second distribution, it will not be able to make any further distributions to settlement class members. Plaintiffs' counsel is in the process of identifying a replacement and cost effective solution for distribution of further checks, and will advise the Court upon reaching a proposed solution.

This proposal will permit the settlement awards to be sent to Settlement Class Members in a more timely manner, and is in the best interests of the class. A proposed order is attached to this letter, and we are available to discuss this proposal should the Court have any additional questions.

Sincerely,

Sarah R. Schalman-Bergen

Encl.

August 19, 2019
Page 3 of 3



CC (via email):
    Nadia Hewka, counsel for Plaintiffs
    Theresa Ann Williams
    Patricia McKinley